[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff Elsa Stone, a physician, alleges that she is a shareholder and director of the defendant R-E-A-L Health, P.C. The three other defendants, also physicians, are the remaining shareholders. The plaintiff has filed an amended complaint alleging that the defendants manipulated the affairs of the corporation to deprive her of the benefits she was entitled to receive as a shareholder of the corporation. The defendants have moved to strike.
The plaintiffs complaint is in four counts. In Count I the plaintiff alleges certain conduct on the part of the other shareholders relating to the staffing and fiscal affairs of the corporation. She alleges that the decisions of these shareholders, who constitute a majority of the directors of the corporation, are illegal, oppressive, and fraudulent and constitute the misapplication or wasting of corporate assets. In Count II, she realleges the same conduct and alleges that the defendants have breached their fiduciary duty to the corporation and to her as a minority shareholder. In Count III, the plaintiff alleges that the defendants have breached a duty of good faith and fair dealing that they owe to her. In Count IV, the plaintiff alleges that the individual defendants have unjustly enriched themselves at her expense in the way they have structured the salaries, benefits package, and staffing pattern.
The plaintiff prays for a dissolution of the corporation under Conn. Gen. Stat. § 33-896, which provides for a dissolution by judicial decree if the court finds that the CT Page 9777 directors have acted or will act in a manner that is illegal, oppressive or fraudulent, or that corporate assets are being misapplied or wasted. Further, the plaintiff claims money damages.
The motion to strike essentially claims that the defendants have a good defense to the plaintiffs claims, namely that they are insulated by the business judgment rule in Conn. Gen. Stat § 33-756. They ask the court to read the allegations of the complaint in such a way as to conclude that no reasonable trier of fact could find that the defendants engaged in any culpable conduct. This the court cannot do. On a motion to strike, the court must construe the facts alleged in the complaint most favorably to the plaintiff. Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580 (1997). If the facts provable in the complaint would support a cause of action, the motion to strike must be denied. Id. Moreover, what is necessarily implied in an allegation need not be expressly alleged. See, Pamela B. v. Ment,244 Conn. 296, 308 (1998).
In an earlier ruling in the instant case denying the defendants' Motion to Dismiss (which raised nearly identical grounds), the court (Licari, J.) found that "[w]hat is or is not `oppressive' conduct . . . is a mixed question of law and fact . . . [on which] reasonable minds could certainly differ. . . ." This court agrees.
In this case where the plaintiff also alleges an absence of good faith and a breach of fiduciary duty, it is particularly inappropriate for the court to find as a matter of law that the plaintiffs allegations do not support such an inference. See, e.g. Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111 (1994), which counsels against a disposition on the papers (there, an MSJ) where motive, intent and subjective feelings are in issue.
As a further reason to strike Count II, the defendants claim that the plaintiff has not properly alleged the requirements to maintain a shareholder derivative action on behalf of the corporation under Conn. Gen. Stat. § 52-572j, or has otherwise misjoined a claim on her own behalf with a claim on behalf of the corporation. In Fink v. Golenbock, 238 Conn. 183
(1996), the Supreme Court declined to find that a minority shareholder in a closely held corporation could not meet the requirements of the statute authorizing derivative actions. Id.,
202-03. Moreover, the Court left undecided the issue of whether CT Page 9778 in an appropriate case there was discretion to treat such an action as a direct action by the shareholder.[1] Id., 199-200.
In conclusion, this court finds that the allegations in the complaint state a cause of action sufficient to withstand the Motion to Strike filed by the defendants. Accordingly, the Motion to Strike is denied.
Patty Jenkins Pittman, Judge